IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLE PETERSEN,<br>  Plaintiff,<br><br>v.<br><br>STUART JENKINS, *et al.*,<br>  Defendants. | § § § § § § § | CIVIL ACTION NO. H-03-5290 |

## MEMORANDUM OPINION AND ORDER

Ole Petersen, a state inmate in custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. He also seeks to amend his complaint. (Docket Entry No. 24.) After considering the pleadings and the applicable law as required by 28 U.S.C. § 1915A(a), the Court **GRANTS** the motion to amend and **DISMISSES** this lawsuit for the reasons that follow.

I.     **BACKGROUND**

Plaintiff claims that on September 11, 2003, he was checking his alien registration status at the Houston Immigration Office when two individuals approached him. They asked him some questions and told him he was under arrest pursuant to a warrant issued by the TDCJ parole division. A third individual then handcuffed plaintiff and transported him to the Harris County Jail. Plaintiff claims that twenty-four hours after his arrest, parole department employees falsely accused him of violating his parole, and his parole was subsequently revoked. Plaintiff claims he was falsely arrested and incarcerated under an

illegal parole revocation, and seeks compensatory damages from each of the defendants. Plaintiff admits in his more definite statement that he has not sought direct appeal or habeas relief in state court regarding his arrest, incarceration, or parole revocation.

## II.  STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the PLRA). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). A complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.

## III.   DISCUSSION

Plaintiff seeks monetary damages from the defendants for his allegedly false arrest imprisonment, and parole revocation. However, it is well established that to recover damages under section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the arrest or conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his arrest, conviction, or sentence, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Plaintiff's allegations of false arrest, false imprisonment, and illegal parole revocation would, if true, necessarily implicate the validity of his arrest and parole revocation. Plaintiff does not allege or show that his arrest, incarceration, or parole revocation has been set aside by an authorized state tribunal or a petition for federal habeas corpus relief; to the contrary, he states that no such relief has been sought. Because his civil rights claims of false arrest, false imprisonment, and illegal parole revocation are barred by *Heck*, they are not cognizable under 42 U.S.C. § 1983 at this time. Accordingly, these

claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are dismissed with prejudice to their being asserted again until the *Heck* conditions are met).

## IV. CONCLUSION

Accordingly, this lawsuit is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff's motion to amend the complaint (Docket Entry No. 24) is **GRANTED**. The amended order for service of process (Docket Entry No. 21) is **WITHDRAWN**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 12 day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE